NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BLACKBIRD TECH LLC, <br><br> Plaintiff, <br> v. <br> SIGNIFY NORTH AMERICA CORPORATION, <br><br> Defendant. | Civil Action No.: 21-18463 <br><br> **OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court by way of defendant Signify North America Corporation's ("Defendant") motion to dismiss (ECF No. 29) plaintiff Blackbird Tech LLC doing business as Blackbird Technologies's ("Plaintiff") First Amended Complaint (ECF No. 23), pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition (ECF No. 35), and Defendant replied (ECF No. 37). The Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion to dismiss is denied.

**I.   BACKGROUND[1]**

This is a patent infringement action brought by Plaintiff against Defendant. Defendant describes itself as the "the global leader for lighting products with recognized expertise in the development, manufacturing, and application of lighting solutions." ECF No. 29 at 4. In this litigation, Plaintiff asserts one patent, United States Patent No. 7,086,747 (ECF No. 23, Ex. A (the "'747 patent")). The '747 patent is entitled "Low-Voltage Lighting Apparatus For Satisfying After-Hours Lighting Requirements, Emergency Lighting Requirements, and Low Light Requirements," and was issued on August 8, 2006. *Id.* Plaintiff alleges it is the owner by

---

[1] The following facts are accepted as true for the purposes of the motion to dismiss.

assignment of all right, title, and interest in the patent, including the right to recover for past infringement. *Id.* at ¶ 8.

The '747 patent is directed to lighting apparatuses (i.e. light fixtures) used in buildings that provide illumination to satisfy after-hours, emergency, and low-light lighting requirements. '747 patent at 1:17–20. To meet these requirements, the '747 patent asserts lighting apparatuses that provide improved benefits over established types of fixtures like fluorescent lights. *Id.* at 2:12–20. Specifically, the '747 patent claims, among other things, the following:

> 12. An energy-efficient lighting apparatus for retrofit with an existing light fixture having a ballast cover, comprising:
>
> a housing having an attachment surface and an illumination surface;
>
> a plurality of illumination surface holes in the illumination surface;
>
> a circuit board comprising a plurality of light-emitting diodes, wherein the circuit board is positioned adjacent the housing so that the plurality of light-emitting diodes protrude through the plurality of illumination surface holes in the illumination surface; and
>
> a fastening mechanism for securing the attachment surface of the lighting apparatus to the illumination surface, wherein the lighting apparatus is coupled to a wall switch and wherein the illumination of the light-emitting diodes is controllable based upon the position of the switch.

'747 patent 11:26–42 ("claim 12").

Plaintiff brings the current action against Defendant for infringing upon every element of one or more of the claims in the '747 patent, including claim 12 (reproduced *supra*), in three counts: 1) direct infringement pursuant to 35 U.S.C. § 271(a); 2) contributory infringement pursuant to 35 U.S.C. § 271(c); and 3) induced infringement pursuant to 35 U.S.C. § 271(b). *See* ECF No. 23 at ¶¶ 11–20. Generally, Plaintiff alleges that Defendant has infringed upon the '747 patent by "making, using, importing, selling and/or offering to sell . . . certain retrofit LED tube lights" including, but not limited to, LED lights described as T8 bulbs ("T8 bulbs" or "LED

bulbs"). ECF No. 23 at ¶ 10.[2] Plaintiff also alleges that Defendant has encouraged its customer to use Defendant's LED bulbs in a manner that infringes upon the '747 patent.

In describing how Defendant has infringed upon the '747 patent, Plaintiff alleges that Defendant's T8 bulbs, as LED bulbs, are lighting apparatuses, built in a housing element with an attachment surface and an illumination surface. ECF No. 23 at ¶¶ 12–13. According to Plaintiff, this illumination surface is a white cover encasing the lighting apparatus, and is designed to protect the underlying circuit board. *Id*. at ¶ 13. Plaintiff alleges that a T8 bulb connects to the circuit board through a plurality of holes in the illumination surface, and that for an electrical current to flow from the circuit board to the LED bulb, the connectivity elements of the bulb must pass, or protrude, through the illumination surface. *Id.* at ¶¶ 14–15. Plaintiff alleges that once linked with the circuit board, T8 bulbs are capable of being coupled to a wall switch such that the amount of illumination produced by the LED bulbs are controlled based on the position of the wall switch. *Id.* at ¶ 18.

Further, Plaintiff asserts that Defendant markets its LED bulbs, including the T8 bulbs, as an "energy-efficient lighting apparatus for retrofit with an existing light fixture." *Id.* at ¶ 12. Regarding retrofitting, Plaintiff claims that fluorescent tube lighting systems, which now use LED bulbs instead of fluorescent bulbs, have all or substantially all been used in applications where the bulbs are coupled to wall switches. *Id.* at ¶ 18. Indeed, Plaintiff asserts that Defendant's product packaging instructs customers to couple the LED bulb with a wall switch to control the lighting apparatus's level of illumination. *Id*.

---

[2] Plaintiff alleges that Defendant sells or offers to sell at least eleven other LED bulbs that infringe upon the '747 patent. *Id.* at ¶ 12. For ease of analysis, the Court considers the allegations as to the T8 bulbs as representative of Plaintiff's claims regarding all of Defendant's products enumerated in the Amended Complaint.

Plaintiff alleges it alerted Defendant that its LED bulbs infringed upon the '747 patent via letter on July 20, 2021. ECF No. 23 Ex. B ("Ex. B"). Plaintiff contends that despite receipt of the letter, Defendant continues to sell and offer to sell its LED bulbs. ECF No. 23 ¶ 19. Accordingly, Plaintiff initiated this action on October 12, 2021. ECF No. 12. After Defendant moved to dismiss the initial complaint (ECF No. 21), Plaintiff filed an amended complaint on December 22, 2021 (ECF No. 23). Thereafter, on January 19, 2022, Defendant filed a motion to dismiss Plaintiff's Amended Complaint. ECF No. 29. Plaintiff filed an opposition on February 22, 2022 (ECF No. 35), to which Defendant replied on February 28, 2022 (ECF No. 37).

## II.    LEGAL STANDARD

### Fed. R. Civ. P. 12(b)(6)

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

**III.     DISCUSSION**

The Court finds, as explained further below, that Plaintiff adequately pleaded its claims for direct infringement, contributory infringement, and induced infringement. Accordingly, Defendant's motion to dismiss is denied.

**A.     Direct Infringement**

Defendant argues that Plaintiff's claim for direct infringement must be dismissed because Plaintiff fails to allege that Defendant's LED bulbs infringe upon each element of at least one of the claims in '747 patent. Specifically, Defendant argues that its LED bulbs do not infringe on the following elements of claim 12: 1) a lighting apparatus that "is coupled to a wall switch" ('747 patent 11:39); 2) a lighting apparatus with a "plurality of illumination surface holes in the illumination surface" (*id.* at 11:31–31); and 3) a lighting apparatus with a "plurality of light-emitting diodes[, which] protrude through the plurality of illumination surface holes in the illumination surface" (*id.* at 11:34–36). The Court will address each disputed element of claim 12 in turn.

Direct infringement of a patent occurs when "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1334 (Fed. Cir. 2008) (quoting 35 U.S.C. § 271(a)). To adequately plead direct infringement, a patentee must "either point to specific instances of direct infringement or show that the accused device necessarily infringes the patent in suit." *NovaPlast Corporation v. Inplant, LLC*, No. 20-cv-7396, 2021 WL 389386, at *5 (D.N.J. Feb. 3, 2021) (quoting *ACCO Brands, Inc. v. ABA Locks Mfrs. Co.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007)). Moreover, "[d]irect infringement requires a party to perform each and every step or element of a claimed method or

5

product." *Forest Labs. Holdings Ltd. v. Mylan Inc.*, 206 F. Supp. 3d 957, 973 (D. Del. 2016) (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1320 (Fed. Cir. 2009) (citation omitted)). Stated otherwise, a patentee must allege "that the accused product infringes on 'each and every element of at least one claim' of the plaintiff's patent[]." *Batinkoff v. Church & Dwight Co., Inc.*, No. 18-cv-16388, 2020 WL 1527957, at *8 (D.N.J. Mar. 31, 2020) (quoting *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018)).

First, Defendant argues claim 12 teaches that, based on the plain meaning of the claim, the disclosed lighting apparatus "is coupled with a wall switch." ECF No. 29 at 9. However, Defendant contends that Plaintiff does not, and cannot, allege that any of Defendant's purportedly infringing LED bulbs are sold or are packaged with a wall switch, or are otherwise coupled to a wall switch. *Id.* Accordingly, because the LED bulbs are not coupled with a wall search, Defendant asserts that Plaintiff has failed to allege that Defendant has infringed upon every element disclosed in claim 12, and thus Plaintiff's direct infringement claim must fail. *Id.* at 10.

In opposition, Plaintiff argues that Defendant's LED bulbs need not be sold, packaged, or actually connected with a wall switch to directly infringe upon claim 12. ECF No. 35 at 7–9. Instead, they need only "to be capable" of being coupled with a wall switch. *Id.* Specifically, Plaintiff notes that claim 12 discloses that the asserted lighting apparatus is designed "for retrofit with an existing light fixture." *Id.* at 7. As such, Plaintiff contends that the '747 patent discloses that the asserted lighting apparatus is designed to replace a less efficient bulb, like a fluorescent one, and is meant to be installed in a preexisting fixture, which is already coupled with a wall switch. *Id.* at 7–9.

The Court finds Plaintiff has adequately pleaded that Defendant's LED bulbs infringe upon the element in claim 12, "is coupled to a wall switch." Specifically, Plaintiff alleges that fluorescent

lighting systems are retrofitted with LED bulbs, and that these systems "have all or substantially all" been used in conjunction with a wall switch. ECF No. 23 at ¶ 18. Moreover, Plaintiff alleges that Defendant's LED bulbs are capable of being coupled with a wall switch such that the switch can control the level of the light's illumination. *Id.* And further, Plaintiff asserts that this capability is reflected in Defendant's own product packaging, which illustrates that its LED bulbs can be operated with a wall switch. *Id.* These allegations are bolstered by the language of the '747 patent. Specifically, claim 12 notes that the disclosed lighting apparatus is designed to retrofit an existing light fixture (''747 patent at 11:26–27), and the '747 patent's specification more generally discloses that the invention is meant to be used with preexisting lighting systems (*id.* at 1:26–3:49). Taken together, Plaintiff has plausibly alleged that Defendant's products need only be capable of being coupled to a wall switch to infringe upon claim 12. *See Encore Dermatology Inc. v. Glenmark Pharmaceuticals Ltd.,* No. 20-cv-2509, 2020 WL 7586958 at *3–*4 (D.N.J. Dec. 22, 2020) (finding allegations for direct infringement sufficient where, based on the complaint and patent, plaintiff offered a plausible construction of the disputed claim).

While Defendant argues that the plain language of claim 12 does not support Plaintiff's interpretation of the patent,[3] rendering its allegations implausible, that argument is unavailing. In essence, Defendant asks this Court to reject Plaintiff's proposed construction of the phrase "is coupled to a wall switch" in favor of Defendant's. To resolve this dispute, the Court would be

---

[3] The Courts notes that in a similar action brought by Plaintiff to recover for infringement of the '747 patent, a court in the District of Delaware construed the term "is coupled to a wall switch" to be consistent with its plain meaning, as Defendant proposes here. *See Blackbird Tech LLC v. ELB Elecs., Inc.*, No. 15-cv-56, 2020 WL 5409052, at *6 (D. Del. Sept. 9, 2020). Defendant argues that this Court should adopt that court's reasoning, and find Plaintiff's interpretation of the phrase implausible. ECF No. 29 at 10. However, there, the court made its decision after the benefit of a claim construction hearing and summary judgment briefing. As the instant action is at an earlier stage of ligation, the Court need not make such a finding at this time.

7

engaging in claim construction, a task not suited for a motion to dismiss. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1349 (Fed. Cir. 2018) (finding that objections to a proposed construction of claims is "a dispute not suitable for resolution on a motion to dismiss"); *Miller Indus. Towing Equip. Inc. v. NRC Indus.*, No. 21-cv-8158, 2022 WL 302635, at *4 (D.N.J. Jan. 27, 2022) (finding that claim construction is "an inquiry that is not appropriate" on a motion to dismiss). Accordingly, Plaintiff has sufficiently alleged that Defendant's LED bulbs are "coupled to a wall switch," as is recited in claim 12.

Second, Defendant argues claim 12 discloses a lighting apparatus with a "plurality of illumination surface holes in the illumination surface." ECF No. 29 at 12. However, Defendant contends that its LED bulbs use solid metal contacts directly on the illumination surface to connect the lighting element to the circuit board. *Id.* Defendant argues that because its products have no holes in the illumination surface, they do not infringe upon an element of claim 12, and thus Plaintiff's direct infringement claim must fail. *Id.*

Nevertheless, this Court finds that Defendant's argument on this point lacks merit, and that Plaintiff has adequately alleged Defendant's LED bulbs include illumination surface holes as recited in claim 12. Specifically, Plaintiff alleges that Defendant's LED bulbs include an illumination surface. ECF No. 23 at ¶ 13. Plaintiff further alleges that this illumination surface is a white cover enclosing the circuit board to protect it from unfavorable conditions. *Id.* Moreover, the illumination surface allegedly includes holes, where the circuit board underneath the protective white cover is exposed to allow electrical contacts on the LED bulbs to connect with the electrical contacts on the circuit board. *Id.* at ¶ 14. As Plaintiff has described with particularity how Defendant's products at issue purportedly infringe upon claim 12, Plaintiff's allegations are sufficient to sustain a direct infringement claim. *See Batinkoff v. Church & Dwight Co., Inc.*, No.

18-cv-16388, 2020 WL 1527957, at *15–*16 (D.N.J. Mar. 31, 2020) (finding allegations for direct infringement sufficient to survive a motion to dismiss where plaintiff specifically explained how a product infringed upon the relevant patent); *Nasdaq, Inc. v. IEX Group, Inc.*, No. 18-cv-3014, 2019 WL 102408, *9–*10 (D.N.J. Jan. 4, 2019) (determining that plaintiff had adequately pleaded a claim for direct infringement by describing defendant's product and identifying how that infringes upon the relevant patent).

Third, Defendant argues that its products do not directly infringe upon claim 12 because its LED bulbs do not "protrude through the plurality of illumination surface holes in the illumination surface." ECF No. 29 at 11–12. Specifically, Defendant argues that its LED bulbs are wider than the alleged holes, and, as a result, must be mounted on top of the illumination surface. *Id.* at 12. Thus, given the size of the bulb, Defendant contends that is it "physically impossible for a single LED to protrude through the [] hole." *Id.*

However, Plaintiff has alleged that Defendant's LED bulbs protrude through holes in the illumination surface. Indeed, Plaintiff has averred that the circuit board is encased in a protective white cover, described as the illumination surface. ECF No. 23 at ¶ 13. And further, Plaintiff asserts that this circuit board is accessed through holes in the illumination surface. *Id.* ¶ 14. While Defendant contends it is impossible for the entire LED bulb to protrude through any of the purported openings in the illumination surface, Plaintiff at this point has plausibly alleged that at least some portion of the LED bulb will pass through the holes to connect to the circuit board. *See Batinkoff v. Church & Dwight Co., Inc.*, 2020 WL 1527957, at *15–*16; *Nasdaq, Inc. v. IEX Group, Inc.*, 2019 WL 102408, *9–*10. Thus, Plaintiff has sufficiently alleged that Defendant's products are covered by this element of claim 12.

In sum, the Court concludes that Plaintiff has sufficiently alleged that Defendant's LED bulbs directly infringe upon each element of at least claim 12 of the '747 patent, and accordingly, Defendant's motion as to Plaintiff's direct infringement claim is denied.

### B.    Contributory Infringement

Next, Defendant argues that Plaintiff's claim for contributory infringement should be dismissed because: 1) Plaintiff's allegations in support of the claim are conclusory in violation Fed. R. Civ. Pro. 8; and 2) even if the allegations are not conclusory, Plaintiff has failed to properly allege that Defendant's products have no substantial non-infringing use. ECF No. 29 at 16.

To adequately plead a claim for contributory infringement, a patent owner must establish "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial non-infringing uses, and 4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010); *see* 35 U.S.C. § 271(c). An invention has substantial non-infringing uses when it can be used in a way that is "not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009) (citations omitted).

Here, the Court finds that Plaintiff has sufficiently pleaded each element of a contributory infringement claim. As noted above, Plaintiff has alleged Defendant's LED bulbs directly infringe upon the '747 patent. Further, Plaintiff alleges that Defendant knew of the '747 patent. Specifically, Plaintiff alleges that it sent Defendant a notice of infringement via letter on July 20, 2021 (Ex. B), and despite receipt of that letter, Plaintiff contends Defendant continued to sell or offered to sell its allegedly infringing products (ECF No. 29 ¶ 19). Plaintiff has also alleged that Defendant's products are substantially used to retrofit fluorescent lighting systems where the LED bulbs are coupled to a wall switch, and that Defendant's products have no substantial non-

10

infringing use. *Id.*; *see Bel Fuse Inc. v. Molex Inc.*, 27 F. Supp. 3d 557, 566 (D.N.J. 2014) (finding that pleading the basic elements of a contributory infringement claim is sufficient to survive a motion to dismiss); *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d, 559, 566–67 (D. Del. 2012) (same). Finally, Plaintiff has alleged that Defendant's products are a material component to the '747 patent, as when the LED bulb is coupled with a wall switch, the product infringes upon claim 12. ECF No. 29 ¶ 19.

Nevertheless, Defendant argues that even if these allegations are not conclusory in violation of Fed. R. Civ. Pro. 8, Plaintiff's contributory infringement claim must still fail because Plaintiff has implausibly asserted that Defendant's products have no substantial non-infringing uses. ECF No. 29 at 16–18. Specifically, Defendant asserts that its products can be used in situations where the LED bulb is not coupled to a wall switch such as in fixtures illuminating parking lots or in signage. *Id.* at 18. Defendant argues that these usages are not "unusual" or "far-fetched," and thus qualify as non-infringing uses. *Id.* However, at the motion to dismiss stage, a patentee need not "recite particular factual evidence showing that the accused products have no substantial non-infringing uses." *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-cv-452, 2019 WL 330515, at *5 (D. Del. Jan. 25, 2019). Instead, the patentee need only describe the accused product and allege that that product has no substantial non-infringing use. *EyesMatch Ltd. v. Facebook*, No. 21-cv-111, 2021 WL 4501858, at *4 (D. Del. Oct. 1, 2021), *report and recommendation adopted*, 2021 WL 5061730 (D. Del. Oct. 19, 2021). Because, as noted above, Plaintiff has alleged Defendant's LED bulbs have no substantial non-infringing use, and Plaintiff has sufficiently alleged the other required elements, Plaintiff's contributory infringement claim may proceed. *Bel Fuse Inc.*, 27 F. Supp. 3d at 566.

### C.     Induced Infringement

Finally, Defendant argues that Plaintiff's claim for induced infringement is insufficient because Plaintiff has not established that Defendant specifically intended for its customers to infringe upon the '747 patent. ECF No. 29 at 19–20.

Under section 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." To adequately a plead a claim for induced infringement, a patent owner must demonstrate that "the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita Mix Corp.*, 581 F.3d at 1328 (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (en banc in relevant part)). While a patent owner can show intent through circumstantial evidence, "the mere knowledge of possible infringement will not suffice." *Id.* (citation omitted).

Here, Plaintiff alleges that Defendant knew of the patent and encouraged its customers to violate the '747 patent. Specifically, Plaintiff alleges that Defendant's LED bulbs are sold with instructions and information regarding installation and use of the light, which encourages purchasers to couple the LED bulb with a wall switch. ECF No. 23 at ¶ 20. Plaintiff alleges that by encouraging customers to couple the LED bulb with a wall switch through its instructions, Defendant is inducing them to infringe upon claim 12 of the '747 patent. *Id.* Indeed, a patent owner may adequately plead inducement "where there is '[e]vidence of active steps taken to encourage direct infringement,' which can in turn be found in 'advertising an infringing use or instructing how to engage in an infringing use.'" *Takeda Pharmaceuticals U.S.A., Inc. v. West-Ward Pharmaceutical Corp.*, 785 F.3d 625, 630-31 (Fed. Cir. 2015) (quoting *Metro-Goldwyn-Mayer-Studios v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) (citation omitted)). Instructions demonstrate induced infringement when they "evince an 'intent to encourage infringement." *BTG Int'l Ltd. v.*

*Amneal Pharmaceuticals LLC*, 352 F. Supp. 3d 352, 395 (D.N.J. 2018) (quoting *Vita-Mix Corp.*, 581 F.3d at 1329). Stated otherwise, the instructions must "teach an infringing use" of the product at issue such that a court is "willing to infer from those instructions an affirmative intent to infringe the patent." *Vita-Mix Corp.*, 581 F.3d at 1329 n.2.

Defendant asserts that Plaintiff's allegations only demonstrate the possibility that customers will violate the patent, and knowledge alone of possible infringement is insufficient to sustain an induced infringement claim. ECF No. 29 at 21. However, that argument is unavailing. Plaintiff has identified particular instructions and promotional materials in which Defendant illustrates its LED bulbs being installed in fixtures with preexisting wall switches. ECF No. 23 at ¶ 20. As such, Plaintiff's allegations go beyond asserting that there is a possibility Defendant's customers could use the products in non-infringing ways. Rather, Plaintiff is alleging that Defendant is teaching its customers to use the products in a manner that infringes upon the '747 patent. *See Groove Digital, Inc. v. Jam City, Inc.*, No. 18-cv-1331, 2019 WL 351254, at *4 (D. Del. Jan. 29, 2019) (finding induced infringement sufficiently pleaded where the accused product included instructions for conducting the directly infringing use); *Rhodes Pharmaceuticals L.P. v. Indivior, Inc.*, No. 16-cv-1308, 2018 WL 326405, *7–*8 (D. Del. Jan. 8, 2018) (finding that providing healthcare professionals and patients with instructions regarding how to perform patented methods constituted induced infringement). As Plaintiff has alleged that Defendant is selling or is offering to sell its products with instructions to use the products in a way that infringes upon claim 12, Defendant's argument fails, and Plaintiff's induced infringement claim may proceed. *See BTG Int'l Ltd.*, 352 F. Supp. 3d at 396 (citing *AstraZeneca L.P. v. Apotex, Inc.*, 633 F.3d 1042, 1060 (Fed. Cir. 2010) ("The pertinent question is whether the label . . . instructs users to perform the patented method.")).

## IV. <u>CONCLUSION</u>

For the reasons stated above, Defendant's motion to dismiss is denied. An appropriate Order follows.

DATED: August 4, 2022

s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**
